IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Ronald I. Paul, | ) | C/A No.  3:12-1036-CMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND** |
| | ) | **REPORT AND RECOMMENDATION** |
| South Carolina Department of Transportation; | ) | |
| Paul D. De Holczer, Esq., individually and as a | ) | |
| partner of the law firm of Moses, Koon & | ) | |
| Brackett P.C.; G.L. Buckles, as personal | ) | |
| representative of the estate of Keith J. Buckles | ) | |
| and G.L. Buckles; Michael H. Quinn, | ) | |
| individually and as senior lawyer of Quinn | ) | |
| Law Firm LLC; J. Charles Ormond, Jr., Esq., | ) | |
| individually and as a partner of the law firm of | ) | |
| Holler, Dennis, Corbett, Ormond, Plante & | ) | |
| Garner; Oscar K. Rucker, in his individual | ) | |
| capacity as Director, Rights of Way South | ) | |
| Carolina Department of Transportation; Macie | ) | |
| M. Gresham, in her individual capacity as | ) | |
| Eastern Region Right of Way Program | ) | |
| Manager South Carolina Department of | ) | |
| Transportation; Natalie J. Moore, in her | ) | |
| individual capacity as Assistant Chief Counsel, | ) | |
| South Carolina Department of Transportation, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The plaintiff, Ronald I. Paul ("Paul"), who is self-represented, filed this action alleging

claims of civil conspiracy under 42 U.S.C. § 1983 and state law.  This matter stems from a state

condemnation of land that Paul was leasing.  This matter is before the court pursuant to 28 U.S.C.

§ 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on various

motions to dismiss filed by the defendants.  (ECF Nos. 18, 24, 27, 33, & 38.)  Pursuant to Roseboro

v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Paul of the summary judgment and

dismissal procedures and the possible consequences if he failed to respond adequately to the defendants' motions. (ECF Nos. 20, 29, & 39.) Paul responded in opposition. (ECF Nos. 48, 50, 51, 52, & 57.) Also pending before the court are motions for sanctions (ECF Nos. 19, 27, & 38), a motion to disclose Paul's alleged ghost writer (ECF No. 38), and Paul's motion to amend his Amended Complaint (ECF No. 45). Having carefully reviewed the parties' submissions and the applicable law, the court finds that the defendants' motions to dismiss should be granted and Paul's motion to amend should be denied.

## BACKGROUND

The following background and facts are either undisputed or taken in the light most favorable to Paul, to the extent they find support in the record. Paul's claims arise out of the 2002 condemnation of land that Paul was renting and the subsequent litigation. Paul filed this action against the above defendants alleging six separate claims of conspiracy based on the defendants' involvement in the condemnation litigation. Paul describes the defendants as follows: South Carolina Department of Transportation ("SCDOT," for suing Paul in state court to obtain Paul's property pursuant to the South Carolina Eminent Domain Procedures Act, S.C. Code Ann. § 28-2-10, et seq.); Defendant Rucker (individually, as Director of Rights of Way for SCDOT for delegating his authority to Defendant de Holczer and de Holczer's law firm, which performed unconstitutional acts); Defendant Gresham (individually, as the Eastern Region Right of Way Program Manager for SCDOT for delegating her authority to Defendant de Holczer and de Holczer's law firm, which performed unconstitutional acts); Defendant Moore (individually, as the Assistant Chief Counsel for SCDOT for delegating her authority to Defendant de Holczer and de Holczer's law firm, which performed unconstitutional acts); Defendant de Holczer (official capacity as "an officer of the court" and as a partner of the law firm of Moses, Koon & Brackett, P.C. and individually for his action in



representing SCDOT); Defendant Buckles (individually and as personal representative of the Estate of Keith J. Buckles, who was the owner of the condemned land, for settling the condemnation action); Defendant Quinn (official capacity as "an officer of the court" and as senior lawyer for Quinn Law Firm, LLC, and individually for his action in representing Defendant Buckles and settling the condemnation action); Defendant Ormond (official capacity as "an officer of the court" and a partner of Holler, Dennis, Corbett, Ormond, Planter & Garner and individually for his action in representing Paul but arguing for SCDOT).

Paul alleges that he began leasing the property located at 2115 Two Notch Rd. in 1985 from Keith J. Buckles, who is now deceased. Upon leasing the property, Paul opened a retail liquor store. Paul asserts that in 2002, Defendant Rucker requested via letters that Paul vacate the property. Later that year, Defendants SCDOT and de Holczer filed an action pursuant to the South Carolina Eminent Domain Procedures Act against Keith J. Buckles and Defendant Buckles, and amended that action to include Paul. Paul alleges that he filed a counterclaim asserting an inverse condemnation claim in violation of his rights under the Fifth and Fourteenth Amendments. In 2003, Paul asserts that Defendant Gresham inspected the property and had Paul evicted by court order without just compensation. Paul alleges that in 2004 Defendants Quinn and Buckles reached a settlement agreement with Defendants SCDOT and de Holczer, which was approved by the Honorable James R. Barber, III on March 23, 2004. Paul states that he, via his attorney Defendant Ormond, rejected settlement offers. Paul alleges that he retained expert witnesses, which Defendants SCDOT and de Holczer deposed, that valued his damages between $300,000 and $400,000.

On March 11, 2005, the Honorable Reginald I. Lloyd determined and awarded Paul $2,450 for his leasehold interest in the property.[1] (See C/A No. 2002-CP-40-4800.) Paul's appeals of this Order were rejected. On January 28, 2008, following a motion hearing, the court approved the disbursement of the condemnation proceeds. Paul's appeals of this Order were also rejected. Paul next filed a Rule 60(b)(4) motion for relief, which was denied, and a motion for reconsideration, which was denied. Paul's appeal of this Order was dismissed. In February 2008, Paul filed a civil action in state court (2008-CP-40-1259) alleging four causes of action for civil conspiracy against the same defendants named in this action. That action was dismissed, in part based on a determination that the claims were time-barred under the applicable statute of limitations. Paul then filed the instant action.

Paul first claims that Defendants SCDOT, de Holczer, Quinn, and Buckles conspired to deprive him of his constitutional and/or statutory right to a jury trial on his counterclaim in 2004.

Paul next appears to allege that Defendants SCDOT, de Holczer, Quinn, and Buckles conspired to intimidate and threaten his expert witnesses, including threatening criminal prosecution, and that Defendant Ormond, who was then Paul's attorney, failed to object.

Third, Paul alleges that these defendants conspired during Paul's trial to violate his constitutional rights. In this allegation, Paul appears to argue that the defendants presented issues that were not before the court, outside the court's jurisdiction, or were intended to mislead or defraud

---

[1] It appears that Paul also alleges that in 2005 Defendant Buckles instituted an eviction proceeding against Paul for a second piece of property located at 2318 Two Notch Rd. for failure to pay rent. Paul argues that he was unable to pay the rent due to the condemnation proceedings involving the property located at 2115 Two Notch Rd. In 2007, the property located at 2318 Two Notch Rd. was transferred to the Estate of Keith J. Buckles based on Paul's failure to pay rent, taxes, and insurance. Paul also seeks damages for the loss of this property.



the court.  Paul alleges that as a result, a void judgment was entered by Judge Lloyd, which Paul challenged in the state appellate courts.

Fourth, Paul alleges that Defendants Quinn, Buckles, SCDOT, and de Holczer conspired to have the proceeds disbursed pursuant to the allegedly void judgment and attempted to mislead the court and validate this judgment during a 2008 motion hearing.  Paul disputes the statement contained in the 2008 Order, which disbursed the funds, indicating that Paul agreed to the amount of compensation listed in Judge Lloyd's order.  Paul subsequently appealed this order in the state appellate courts.  After the South Carolina Supreme Court denied his petition for certiorari in 2010, Paul filed a motion pursuant to Rule 60(b), that he amended, seeking to set aside the orders of Judge Cooper and Judge Lloyd.  Judge Cooper denied this motion without requiring the defendants to respond.  Paul alleges that he appealed this order as well.

Fifth, Paul alleges that in 2010 Defendants Quinn, Buckles, SCDOT, and de Holczer conspired against Paul's rights by seeking an injunction from the South Carolina Court of Appeals, enjoining Paul from filing further actions regarding this matter.

Sixth, Paul alleges that from in or about March 2004 through in or about July 2010 the defendants conspired to take Paul's property in violation of his rights under the Fifth and Fourteenth Amendments.  Paul appears to allege that Defendants Rucker, Gresham, and Moore took part in the conspiracy by delegating their state authority to Defendant de Holczer.

As part of his prayer for relief, Paul seeks declaratory judgments, including that Judge Lloyd's order be declared void and that evidence of his damages be admitted.  Paul also requests that he be awarded the damages he sought in state court for 2115 Two Notch Rd., as well as damages for

the loss of his property interest in 2318 Two Notch Rd., and that he be awarded punitive damages, fees, and expenses.[2]

## DISCUSSION

**A.    Dismissal Standards**

Dismissal under Federal Rule of Civil Procedure 12(b)(1) examines whether the complaint fails to state facts upon which jurisdiction can be founded. It is the plaintiff's burden to prove jurisdiction, and the court is to "regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991).

To resolve a jurisdictional challenge under Rule 12(b)(1), the court may consider undisputed facts and any jurisdictional facts that it determines. The court may dismiss a case for lack of subject matter jurisdiction on any of the following bases: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Johnson v. United States, 534 F.3d 958, 962 (8th Cir. 2008) (quoting Williamson v. Tucker, 645 F.2d 404, 413 (5th Cir. 1981)).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the plaintiff's complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter,

---

[2] Although Paul also seeks relief in the form of having the state eminent domain statutes declared unconstitutional, Paul's Complaint only raises claims of conspiracy.



accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). A claim is facially plausible when the factual content allows the court to reasonably infer that the defendant is liable for the misconduct alleged. Id. When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007). A court may consider "documents attached or incorporated into the complaint" without converting a motion to dismiss into a motion for summary judgment. E.I. du Pont de Nemours and Co. v. Kolon Indus., Inc., 637 F.3d 435, 448 (4th Cir. 2011). Further, "when a defendant attaches a document to its motion to dismiss, 'a court may consider it in determining whether to dismiss the complaint [if] it was integral to and explicitly relied on in the complaint and [if] the plaintiffs do not challenge its authenticity.' " American Chiropractic Ass'n v. Trigon Healthcare, Inc., 367 F.3d 212, 234 (4th Cir. 2004) (quoting Phillips v. LCI Int'l Inc., 190 F.3d 609, 618 (4th Cir. 1999)).

The court observes that it is required to liberally construe *pro se* complaints.[3] Id. Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious

---

[3] Although *pro se* Complaints are entitled to liberal construction, it appears that the pleadings in this matter may have been "ghost written" by an attorney. At least one court in this district has prohibited the ghost-writing of pleadings and motions, in part based on the court's observation that it violated local court rules, the federal rules of civil procedure, and the South Carolina Rules of Professional Responsibility and that it granted latitude that should not be afforded to a litigant who actually has the benefit of legal counsel. In re Mungo, 305 B.R. 762, 768-70 (Bankr. D.S.C. 2003). Other courts within the Fourth Circuit have "admonish[ed] Plaintiff[s] that 'the practice of ghost-writing legal documents to be filed with the Court by litigants designated as proceeding *pro se* is inconsistent with the procedural, ethical and substantive rules of this Court.' " Sejas v. MortgageIT, Inc., No. 1:11cv469(JCC), 2011 WL 2471205 (E.D. Va. June 20, 2011) (quoting Laremont–Lopez v. Se. Tidewater Opportunity Ctr., 968 F. Supp. 1075, 1080-81 (E.D. Va. 1997)).

case.  Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* complaint, the plaintiff's factual allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Twombly, 550 U.S. 544, 555-56 (2007)).  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

Moreover, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.  See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Iqbal, 556 U.S. at 684 (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").  Although the court must liberally construe a *pro se* complaint, the United States Supreme Court has made clear that, under Rule 8 of the Federal Rules of Civil Procedure, a plaintiff in any civil action must do more than make mere conclusory statements to state a claim.  See Iqbal, 556 U.S. at 677-78; Twombly, 550 U.S. at 555.  Expounding on its decision in Twombly, the United States Supreme Court stated in Iqbal:

> [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."

Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555, 556, 557, 570) (citations omitted); see also Bass v. Dupont, 324 F.3d 761, 765 (4th Cir. 2003).

**B.    The Rooker-Feldman Doctrine**

The Rooker-Feldman[4] doctrine prevents a federal district court from exercising jurisdiction over a case brought by a "state court loser" challenging a state court judgment rendered before the district court proceedings commenced. Lance v. Dennis, 546 U.S. 459, 460 (2006); Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 284 (2005). Implicit in the doctrine is the recognition that only the United States Supreme Court has jurisdiction over appeals from final state court judgments. Lance, 546 U.S. at 463; Exxon, 544 U.S. at 283; see also 28 U.S.C. § 1257. In recent years the Supreme Court has emphasized the narrowness of the doctrine. See Lance, 546 U.S. at 464 (listing examples of when the Rooker-Feldman doctrine does not apply); see also Exxon, 544 U.S. at 284. Reacting to the Supreme Court's instruction in such cases as Exxon, the United States Court of Appeals for the Fourth Circuit has rejected its prior test for determining whether the Rooker-Feldman doctrine applies, which, in reliance on Feldman, examined whether the issues raised in the federal lawsuit were so "inextricably intertwined" with the claims presented to the state court that they could have been raised in the state proceedings.[5] Davani v. Virginia Dep't of Transp.,

---

[4] The name originates from two United States Supreme Court cases: Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

[5] Recent cases warn courts not to confuse the Rooker-Feldman doctrine, which is jurisdictional, with the concept of claim preclusion, which is an affirmative defense. See Davani v. Virginia Dep't of Transp., 434 F.3d 712, 717-18 (4th Cir. 2006) (observing that the Fourth Circuit's pre-Exxon interpretation of Rooker-Feldman essentially and improperly became a jurisdictional doctrine of *res judicata*); see also Lance, 546 U.S. at 466 ("The District Court erroneously conflated preclusion law with Rooker-Feldman. . . . Rooker-Feldman is not simply preclusion by another name.").



434 F.3d 712, 716 (4th Cir. 2006). Post-Exxon, the Fourth Circuit identifies the pertinent inquiry

as whether the plaintiff's injury is *caused by* the state court judgment itself. Id. at 718. Other courts

have adopted a similar test. See, e.g., Kovacic v. Cuyahoga County Dep't of Children & Family

Servs., 606 F.3d 301, 309-310 (6th Cir. 2010); Hoblock v. Albany County Bd. of Elections, 422 F.3d

77, 87-88 (2d Cir. 2005); Galibois v. Fisher, 174 F. App'x 579, 580 (1st Cir. 2006); cf. Great W.

Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 166 (3d Cir. 2010) (identifying this

inquiry as one of four elements that must be met for the Rooker-Feldman doctrine to apply). Thus,

after Exxon, the proper inquiry examines the source of the plaintiff's injury: if the state court

judgment caused the plaintiff's injury, the claim is barred, but a claim alleging another source of

injury is an independent claim.

Post-Exxon cases applying the Rooker-Feldman doctrine provide some guidance as to the

types of cases that are not jurisdictionally barred. A federal case that parallels one pending in state

court, for example, is not barred by the Rooker-Feldman doctrine. See Exxon, 544 U.S. at 292. Nor

is a federal case raising a claim arising under federal anti-discrimination laws barred by Rooker-

Feldman simply because the plaintiff lost an administrative appeal against his state-agency employer

in the state appellate courts. Davani, 434 F.3d at 719. Further, a facial challenge to a state statute

or rule that seeks prospective relief regarding its application in a future case is not barred. See

Skinner v. Switzer, 131 S. Ct. 1289, 1298 (2011) (concluding that subject matter jurisdiction existed

because Skinner was not challenging the adverse decisions, but the constitutionality of the statute

that was authoritatively construed).

An examination of Paul's Complaint shows that the source of his alleged injury is the

defendants' conduct, and although he alleges that the defendants' conduct caused the adverse state

court orders, their conduct is an independent claim.[6]  See Great W. Mining & Mineral Co., 615 F.3d at 166; Cormick v. Braverman, 451 F.3d 382, 392-93 (6th Cir. 2006).  Paul appears to allege that the defendants conspired to violate an independent right—his right to due process.  Therefore, the court finds that the Rooker Feldman doctrine does not require dismissal of this action.

## C.     Rule 12(b)(6) Motions

The defendants also argue that Paul's Complaint fails to state a claim upon which relief may be granted.  To prevail on any claim pursuant to § 1983, a plaintiff must show:  (1) that he or she was injured; (2) by the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States; (3) by a person acting under color of state law.  See 42 U.S.C. § 1983. " 'To establish a conspiracy under [42 U.S.C.] § 1983, [a plaintiff] must present evidence that the [defendants] acted jointly in concert and that some overt act was done in furtherance of the conspiracy, which resulted in [the] deprivation of a constitutional right.' "  Glassman v. Arlington County, Va, 628 F.3d 140 (4th Cir. 2010) (alterations in original) (quoting Hinkle v. City of Clarksburg, 81 F.3d 416, 421 (4th Cir. 1996)).  The plaintiff "must come forward with specific circumstantial evidence that each member of the alleged conspiracy shared the same conspiratorial objective."  Id.  Further, the "[i]ndependent acts of two [or more] wrongdoers do not make a conspiracy."  Murdaugh Volkswagon v. First Nat'l Bank, 639 F.2d 1073, 1075-76 (4th Cir. 1981). When a plaintiff makes only conclusory allegations of a conspiracy and fails to demonstrate any agreement or meeting of the minds among the defendants, no claim will lie.  See Woodrum v. Woodward Cnty., Okla., 866 F.2d 1121, 1126-27 (9th Cir. 1989); Ruttenberg v. Jones, 283 F. App'x 121, 131-32 (4th Cir. 2008).

---

[6] However, to the extent that Paul's seeks to have the state court judgments voided or reversed, the defendants correctly argue that the court does not have jurisdiction to grant such relief.



Moreover, "[t]o avoid evisceration of the purposes of qualified immunity, courts have [ ] required that plaintiffs alleging unlawful intent in conspiracy claims under . . . § 1983 plead specific facts in a nonconclusory fashion to survive a motion to dismiss." Gooden v. Howard Cnty., 954 F.2d 960, 969-70 (4th Cir. 1992). A plaintiff must plead facts amounting to more than "parallel conduct and a bare assertion of conspiracy . . . . Without more, parallel conduct does not suggest conspiracy, and a conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality." Twombly, 550 U.S. at 556-57. "The factual allegations must plausibly suggest agreement, rather than being merely consistent with agreement." A Society Without A Name v. Virginia, 655 F.3d 342, 346 (4th Cir. 2011) (citing Twombly, 550 U.S. at 557).

As an initial matter, liberally construed, Paul's Complaint contains only conclusory allegations of a conspiracy. His "formulaic recitation" of the elements of conspiracy is insufficient to state a plausible claim. Iqbal, 556 U.S. at 678. For example, Paul has failed to allege sufficient facts to demonstrate an agreement or meeting of the minds among the defendants. Cf. Dennis v. Sparks, 449 U.S. 24 (1980) (finding that allegations that the private party defendants bribed the state-court judge causing him to issue a ruling in their favor were sufficient to survive a motion to dismiss).

1.    **Defendants de Holczer, Buckles, Quinn, and Ormond**

Moreover, Defendants de Holczer, Buckles, Quinn, and Ormond correctly argue that as non-state actors, they are not subject to suit under § 1983. Although a private individual who jointly participates in alleged constitutional wrongdoing with a state or local official may be said to have engaged in "state action" which meets the requirement of § 1983, Paul has failed to allege sufficient facts to demonstrate an agreement between these defendants and the state actors. See Dennis, 449 U.S. at 27-28.



Further, contrary to Paul's argument that as officers of the court Defendants de Holczer, Quinn, and Ormond are state actors, "[a] lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983." Polk Cnty. v. Dodson, 454 U.S. 312, 318 (1981). "Although lawyers are generally licensed by the States, 'they are not officials of government by virtue of being lawyers.' " Id. at 319 n.9 (quoting In re Griffiths, 413 U.S. 717, 729 (1973)). Paul's allegations that Defendant de Holczer was SCDOT's outside counsel is not sufficient to transform de Holczer from a private attorney or individual into a state actor. See O'Bradovich v. Village of Tuckahoe, 325 F. Supp. 2d 413 (S.D.N.Y. 2004) ("No § 1983 action lies against a lawyer or law firm for representing public officials and entities in lawsuits."); Raines v. Indianapolis Pub. Sch., 52 F. App'x 828, 830 (7th Cir. 2002) (affirming that a lawyer representing a school board in contract matters is not a state actor).

### 2. Defendants SCDOT, Rucker, Gresham, and Moore

Although Paul alleges that he is only suing Defendants Rucker, Gresham, and Moore in their individual capacities, he also explicitly alleges that he is suing them based on their respective positions with SCDOT. These defendants correctly point out that SCDOT and Defendants Rucker, Gresham, and Moore in their official capacities are immune from suit for monetary damages under § 1983. The Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. art. XI. Sovereign immunity protects both the State itself and its agencies, divisions, departments, officials, and other "arms of the State." See Will v. Michigan Dep't of State Police, 491 U.S. 58, 70 (1989); see also Regents of the Univ. of California v. Doe, 519 U.S. 425, 429 (1997) ("[I]t has long been settled that the reference [in the Eleventh Amendment] to actions 'against one



of the United States' encompasses not only actions in which a State is actually named as the defendant, but also certain actions against state agents and state instrumentalities."). As arms of the state, they are entitled to sovereign immunity and cannot constitute "persons" under § 1983 in that capacity. Will, 491 U.S. at 70-71; see also Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139 (1993) (stating that absent waiver of Eleventh Amendment immunity, "neither a State nor agencies acting under its control may be subject to suit in federal court") (quotations and citations omitted). Although a State may waive sovereign immunity, Lapides v. Board of Regents, 535 U.S. 613 (2002), the State of South Carolina has specifically denied this waiver for suit in federal district court. See S.C. Code Ann. § 15-78-20(e). Accordingly, to the extent that Defendants Rucker, Gresham, and Moore are sued in their official capacities, they are immune from suit. Will, 491 U.S. at 70-71; see also Quern v. Jordan, 440 U.S. 332, 343 (1979) (recognizing that Congress did not override the Eleventh Amendment when it created the remedy found in 42 U.S.C. § 1983 for civil rights violations).

Moreover, Paul has failed to allege any personal participation by these defendants in alleged violation of his rights. Delegation of their authority is insufficient as the doctrine of respondeat superior cannot support liability under § 1983. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691-94 (1978). The law is clear that personal participation of a defendant is a necessary element of a § 1983 claim against a government official in his individual capacity. See Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir. 2001). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676. Mere knowledge is not sufficient to establish personal participation. Id.

### D.    Paul's Motion to Amend

Paul has moved to amend his Amended Complaint in response to the defendants' motions. However, the court finds that this motion should be denied as futile.  The proposed Second Amended Complaint fails to cure any of the deficiencies discussed above.  Furthermore, as argued by several of the defendants, several, if not all, of Paul's claims of conspiracy are barred under the doctrine of *res judicata* as his claims of conspiracy have already been unsuccessfully litigated in state court.  See Orca Yachts, L.L.C. v. Mollicam, Inc., 287 F.3d 316, 318 (4th Cir. 2002) (discussing that under the doctrine of *res judicata*, "if the later litigation arises from the same cause of action as the first, then the judgment in the prior action bars litigation 'not only of every matter actually adjudicated in the earlier case, but also of every claim that might have been presented' ") (quoting In re Varat Enters., 81 F.3d 1310, 1315 (4th Cir. 1996)).  Additionally, Paul's First through Fourth Causes of Actions are clearly time-barred under the applicable statute of limitations.  See Wilson v. Garcia, 471 U.S. 261, 265-80 (1985); see also Owens v. Okure, 488 U.S. 235 (1989); S.C. Code Ann. § 15-3-530(5) (providing South Carolina's general or residual personal injury statute of limitations of three years).

Paul appears to allege in his Second Amended Complaint that the defendants also violated 42 U.S.C. § 1985(3) or § 1986.  Paul has similarly failed to state a plausible claim under either of these statutes for the reasons discussed above and additionally because there is no allegation that the defendants are "motivated by a specific class-based, invidiously discriminatory animus."  Simmons v. Poe, 47 F.3d 1370, 1376 (4th Cir.1995); see also A Society Without A Name v. Virginia, 655 F.3d 342, 346 (4th Cir. 2011).

## ORDER AND RECOMMENDATION

Based on the foregoing, the court recommends that the defendants' motions to dismiss (ECF Nos. 18, 24, 27, 33, & 38) be granted. Paul's motion to amend his Amended Complaint (ECF No. 45) is denied as futile and because the proposed amendment does not alter this court's recommendation on the defendants' motions to dismiss. Further, in light of these recommendations, the remaining motions, including Paul's recently filed motion for summary judgment, should be terminated.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

December 3, 2012
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"   Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).