IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Ronald I. Paul, ) | C/A NO. 3:12-1036-CMC-PJG |
| ) | |
| Plaintiff, ) | |
| ) | **OPINION and ORDER** |
| v. ) | |
| ) | |
| South Carolina Department of ) | |
| Transportation; Paul D. De Holczer, Esq., ) | |
| individually and as a partner of the law ) | |
| firm of Moses, Koon & Brackett P.C.; ) | |
| G.L. Buckles, as personal representative of ) | |
| the estate of Keith J. Buckles and G.L. ) | |
| Buckles; Michael H. Quinn, individually ) | |
| and as senior lawyer of Quinn Law Firm ) | |
| LLC; J. Charles Ormond, Jr., Esq., ) | |
| individually and as a partner of the law ) | |
| firm of Holler, Dennis, Corbett, Ormond, ) | |
| Plante & Garner; Oscar K. Rucker, in his ) | |
| individual capacity as Director, Rights of ) | |
| Way South Carolina Department of ) | |
| Transportation; Macie M. Gresham, in ) | |
| her individual capacity as Eastern ) | |
| Region Right of Way Program Manager ) | |
| South Carolina Department of ) | |
| Transportation; Natalie J. Moore, in her ) | |
| individual capacity as Assistant Chief ) | |
| Counsel, South Carolina Department of ) | |
| Transportation, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the court on Plaintiff's *pro se* complaint. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e), DSC, this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings and a Report and Recommendation. On December 3, 2012, the Magistrate Judge issued a Report recommending that the Defendants' various

1

motions to dismiss be granted under Rule 12(b)(6) for failure to state a claim, Plaintiff's motion to amend his Amended Complaint be denied as futile, and all remaining motions be terminated. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if he failed to do so. Plaintiff filed objections to the Report on December 10, 2012. Dkt. No. 122. Defendant de Holczer filed objections on December 19, 2012, objecting to the Report's conclusion that this action is not barred by the *Rooker-Feldman* doctrine and that his motions for sanctions be terminated. Dkt. No. 123.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

**I. Plaintiff's Objections.**

**Meeting of the Minds.** Plaintiff objects to the Report's conclusion that Plaintiff failed to state a claim upon which relief can be granted. The Report explains that the Amended Complaint only contains conclusory allegation of a conspiracy and fails, for example, "to allege sufficient facts

2

to demonstrate an agreement or meeting of the minds among the defendants." Report at 12. Plaintiff argues that "the Magistrate Judge has 'erred' by adding a fifth element to establish a conspiracy under [42 U.S.C.] § 1983." Dkt. No. 122 at 8 (alteration in original). There is a meeting of the minds element to a § 1983 conspiracy claim. *Hinkle v. City of Clarksburg*, 81 F.3d 416, 421 (4th Cir. 1996) (explaining that to prove § 1983 conspiracy, plaintiff must produce evidence that "at least, reasonably lead[s] to the inference that [defendants] positively or tacitly came to a mutual understanding to try to accomplish a common and unlawful plan"). *See also Smith v. McCarthy*, 349 Fed. Appx. 851, 2009 WL 3451714 (4th Cir. Oct. 28, 2009) (discussing that meeting of the minds is a necessary element of § 1983 conspiracy); *Ruttenberg v. Jones*, 283 Fed.Appx. 121, 2008 WL 2436157 (4th Cir. June 17, 2008) (affirming dismissal of § 1983 conspiracy claim because plaintiff did not "plead facts that would 'reasonably lead to the inference that [defendants] positively or tacitly came to a mutual understanding to try to accomplish a common and unlawful plan'") (citing *Hinkle*). Plaintiff's conclusory allegations fail to allege facts which would reasonably lead to an inference that Defendants reached an agreement or had a meeting of the minds to accomplish a common and unlawful plan against Plaintiff. The court, therefore, rejects Plaintiff's objection.

**Agreement between Private Individuals and State Actors.** The Report also concludes that Plaintiff failed to allege an agreement between the private individuals (de Holczer, Buckles, Quinn, and Ormond) and the state actors to convert otherwise private action into state action for purposes of §1983. Report at 12. Plaintiff argues that "the Magistrate Judge has 'erred' by adding a sixth element" to a § 1983 conspiracy claim. Dkt. No. 122 at 11. This is not a sixth element, but rather a part of the third element of any § 1983 claim: "(3) by a person acting under color of state law." Report at 11. As explained by the United States Supreme Court, one way to establish that a private

individual is acting under color of state law is to show that he conspired with a state actor. The court, therefore, rejects Plaintiff's objection.

**Waiver.** Plaintiff also contends that none of Defendants argued that Plaintiff failed to plead a meeting of the minds or an agreement between the private Defendants and state actors. Plaintiff argues that, Defendants, therefore, waived these "affirmative defense[s]." The court rejects this argument because Defendants argued that Plaintiff failed to plead a § 1983 conspiracy claim, including that Plaintiff's allegations were conclusory and that certain Defendants are not state actors. *See, e.g.*, Dkt. No. 18 at 11-13 (arguing that Plaintiff's allegations are conclusory); Dkt. No. 33 at 3 (arguing that Ormond is not a state actor); Dkt. No. 38 at 11 (arguing that de Holczer is not a state actor).

**Allegations.** Plaintiff attempts to supplement his Amended Complaint by arguing that the Amended Complaint, the motion for summary judgment, and admissions show that Defendants "agreed to 'Obstruct' and 'Block' Plaintiff Paul['s] rights to claim damages against South Carolina Department of Transportation." Dkt. No. 122. Plaintiff also contends that certain filings indicate that the SCDOT "communicated by letters and conferred" with Defendant de Holczer and his law firm. The court, however, rejects Plaintiff's objection and finds that Plaintiff did not allege in his Amended Complaint that there was an agreement or meeting of the minds between Defendants, including the private individual actors and state actors.

**Declaratory Judgment.** Plaintiff also argues that although "[i]t appears monetary damages are unavailable against defendant SCDOT," his Amended Complaint seeks prospective injunctive or declaratory relief. Dkt. No. 122 at 13. As noted in the Report, "[a]lthough Paul seeks relief in the form of having the state eminent domain statutes declared unconstitutional, Paul's Complaint

4

only raises claims of conspiracy." Report at 6 n.2. Plaintiff argues that his Amended Complaint contains "a harmless error" in that his first claim is labeled as "Conspiracy one: jury trial." Instead, Plaintiff contends that it should be labeled "Declaratory relief." The court interprets Plaintiff's claim for declaratory relief as seeking a declaration that S.C. Code Ann. § 28-2-310(B) is unconstitutional "by attempting to regulate the right of trial by jury to determine damages – a function that is constitutionally guarantee[d]." Am. Compl. ¶ 90. As part of the Eminent Domain Procedure Act, S.C. Code Ann. § 28-2-310(B) provides, "If the condemnor and the landowner have demanded trial by the court without a jury, the clerk shall place the action on the nonjury trial roster. Otherwise, the action must be placed on the jury trial roster." Nothing in the text of § 28-2-310(B) suggests that Plaintiff's right to jury trial is compromised. This statute states that unless both the condemnor and landowner consent to a non-jury trial, an eminent domain action would be a jury trial. Plaintiff, however, was not the landowner, but rather a renter, of the property that was condemned. It is unclear on what basis Plaintiff challenges S.C. Code Ann. § 28-2-310(B), as the remainder of the allegations under the first claim relate to the alleged conspiracy. Plaintiff has, therefore, failed to allege standing to challenge § 28-2-310(B) under the Declaratory Judgment Act.

The court overrules Plaintiff's objections to the Report, and therefore adopts the Report.[1]

**II. Defendant de Holczer's Objection.**

*Rooker-Feldman* **Doctrine.** Defendant de Holczer objects to the Report's finding that this action is not barred by the *Rooker-Feldman* doctrine. As explained in the Report, "[t]he *Rooker-*

---

[1] At the end of Plaintiff's objections, he states that "in the interest of judicial economy[,] . . . Plaintiff Paul withdraw[s] his Motion for Leave (ECF No. 45) without prejudice." Dkt. No. 122 at 19. Having considering the record, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court finds that the Report's determination of Plaintiff's motion to amend his Amended Complaint is free from clear error.

*Feldman* doctrine prevents a federal district court from exercising jurisdiction over a case brought by a 'state court loser' challenging a state court judgment rendered before the district court proceedings commenced." Report at 9 (citing *Lance v. Dennis*, 546 U.S. 459, 460 (2006); *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005)). The Report found that post-*Exxon*, the proper inquiry focuses on the source of Plaintiff's injury: "if the state judgment caused the plaintiff's injury, the claim is barred, but a claim alleging another source of injury is an independent claim." Report at 10. In *Lance*, the United States Supreme Court explained that the *Rooker-Feldman* doctrine "is a narrow doctrine, confined to 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" 546 U.S. at 464 (citing *Exxon*, 544 U.S. at 284).

The Report concluded that "the source of [Plaintiff's] alleged injury is the defendants' conduct, and although he alleges that the defendants' conduct caused the adverse state court orders, their conduct is an independent claim." Report at 11. The Report also noted that "to the extent that Paul[] seeks to have the state court judgments voided or reversed, the defendants correctly argue that the court does not have jurisdiction to grant such relief." *Id.* at n.6. Defendant de Holczer argues that this case is substantially similar to one brought by Plaintiff against Defendants in state court in 2008, which "was also all about alleged conspiracies." Dkt. No. 123 at 2. That case was dismissed and unsuccessfully appealed. According to de Holczer, this case is "nothing more than Plaintiff trying to get a second bite of the conspiracy apple." *Id.*

The Amended Complaint contains allegations after 2008 and is not a complete duplication of the state court action. The court agrees with the Report's conclusion that this action is not barred

by the *Rooker-Feldman* doctrine, except to the extent that Plaintiff seeks to reverse or void the state court judgments. The court, therefore, rejects Defendant de Holczer's objection.

**Motions for Sanctions.** Defendant de Holczer objects to the Report "insofar as it recommended that this Defendant's motions for sanctions be terminated." Dkr. No. 123 at 2. He also objects to the Report "insofar as it recommended that this Defendant's supplemental motion for sanctions be terminated." *Id.* The court has reviewed Defendant de Holczer's motions for sanctions and finds that it is appropriate to terminate such motions in light of the court's dismissal of the Amended Complaint. Defendant de Holczer has not shown a pattern of frivolous litigation in this court. Although Plaintiff continued filing motions to compel discovery and other discovery-related motions after the court suspended discovery based on the Report's recommendations, the court declines to impose sanctions, in part based on Plaintiff's status as a *pro-se* litigant. Plaintiff, however, is forewarned that the court may impose sanctions against *pro-se* litigants for failing to comply with court orders, filing frivolous actions, and engaging in malicious litigation tactics. The court, therefore, rejects Defendant de Holczer's objection to the Report's recommendation to termination his motions for sanctions.

After reviewing the record of this matter, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court agrees with the conclusions of the Magistrate Judge. Accordingly, the court adopts and incorporates the Report and Recommendation by reference in this Order.

## CONCLUSION

For reasons stated in the Report, Defendants' motions to dismiss (Dkt. Nos. 18, 24, 27, 33 & 38) are granted, Plaintiff's motion to amend the Amended Complaint (Dkt. No. 45) is denied, and the remaining motions are terminated.

**IT IS SO ORDERED.**

S/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
February 6, 2013