IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Ronald I. Paul, | ) | C/A NO. 3:12-1036-CMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | **OPINION and ORDER** |
| v. | ) | |
| | ) | |
| South Carolina Department of | ) | |
| Transportation; Paul D. De Holczer, Esq., | ) | |
| individually and as a partner of the law | ) | |
| firm of Moses, Koon & Brackett P.C.; | ) | |
| G.L. Buckles, as personal representative of | ) | |
| the estate of Keith J. Buckles and G.L. | ) | |
| Buckles; Michael H. Quinn, individually | ) | |
| and as senior lawyer of Quinn Law Firm | ) | |
| LLC; J. Charles Ormond, Jr., Esq., | ) | |
| individually and as a partner of the law | ) | |
| firm of Holler, Dennis, Corbett, Ormond, | ) | |
| Plante & Garner; Oscar K. Rucker, in his | ) | |
| individual capacity as Director, Rights of | ) | |
| Way South Carolina Department of | ) | |
| Transportation; Macie M. Gresham, in | ) | |
| her individual capacity as Eastern | ) | |
| Region Right of Way Program Manager | ) | |
| South Carolina Department of | ) | |
| Transportation; Natalie J. Moore, in her | ) | |
| individual capacity as Assistant Chief | ) | |
| Counsel, South Carolina Department of | ) | |
| Transportation, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court on Plaintiff's "motion for reconsideration with leave to amend." Dkt. No. 130. Plaintiff seeks relief from the court's order adopting the Report and Recommendation ("Report") issued by United States Magistrate Judge Paige J. Gossett, and dismissing Plaintiff's complaint without prejudice. Dkt. No. 127. Plaintiff argues that he recently

1

learned of new facts that provide grounds to amend his Amended Complaint, and that he should be granted leave to file a Second Amended Complaint.

Rule 59 motions to alter or amend a judgment are disfavored. The Fourth Circuit recognizes only three limited grounds for a district court's grant of a motion under Rule 59(e): (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available earlier; or (3) to correct a clear error of law or prevent manifest injustice. *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993). A party's mere disagreement with the court's ruling does not warrant a Rule 59(e) motion. *Id.* (citing *Atkins v. Marathon LeTorneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)).

Plaintiff argues that he recently learned of new evidence that justifies relief from the court's order dismissing this action. Plaintiff's new evidence appears to be his new understanding of a state statute governing the right to jury trials in condemnation proceedings in state court. Plaintiff's understanding of the law is not evidence. Plaintiff also argues he has new witness statements. Plaintiff's witness statements appear to be statements of argument provided by counsel for Defendants in their motion to dismiss.[1] Even assuming that those statements can be considered as evidence, those arguments were made prior to the court's dismissal of this action, and are, therefore, not new. The court, therefore, denies Plaintiff's motion to reconsider based on new evidence.

---

[1] To the extent there are additional witness statements, Plaintiff has not informed the court of the contents of these statements or otherwise incorporated them into his proposed Second Amended Complaint.

Plaintiff also seeks leave to amend his Amended Complaint, and attaches a proposed Second Amended Complaint.[2] His proposed Second Amended Complaint purports to add elements that were lacking in his Amended Complaint, which were identified by the court as grounds for dismissal. However, the court cannot consider his motion to amend his Amended Complaint unless the judgment is vacated. *See Calvary Christian Center v. City of Fredericksburg*, __ F.3d __, 2013 WL 1019388 (4th Cir. Mar. 15, 2013) ("a motion to amend filed after a judgment of dismissal has been entered cannot be considered until the judgment is vacated"). The court, having denied Plaintiff's motion to reconsider, has not vacated the judgment.

Even were this court to consider Plaintiff's proposed Second Amended Complaint, the court would deny Plaintiff's motion to amend because the proposed amendments are futile. *See Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006) ("a post-judgment motion to amend is evaluated under the same legal standard as a similar motion filed before judgment was entered – for prejudice, bad faith, or futility."). Plaintiff's proposed Second Amended Complaint is similar to the one addressed by the Report, found to be futile (Report at 15), and then withdrawn by Plaintiff. For the reasons stated in the Report, this proposed Second Amended Complaint also fails to cure any of the deficiencies identified in the Report and the court's order of dismissal. Plaintiff once again relies on conclusory statements, not factual allegations, in an attempt to set forth the necessary elements of civil conspiracy. Further, Plaintiff's first through fourth causes of action are time barred as they arise from acts allegedly committed more than three years prior to the filing of the original

---

[2] On June 18, 2012, prior to the issuance of the Report, Plaintiff filed a motion to amend his Amended Complaint. Dkt. No. 45. The Report recommended that his motion to amend be denied as futile. Instead of objecting to the Report's recommendation on his motion to amend, Plaintiff noted in his objections that "in the interest of judicial economy[,] . . . Plaintiff Paul withdraw[s] his Motion for Leave (ECF No. 45) without prejudice."

Complaint. Finally, most, if not all, of Plaintiff's conspiracy claims are barred under the doctrine of *res judicata* as Plaintiff has already unsuccessfully litigated his claims in state court.

Plaintiff's motion to reconsider with leave to amend is, therefore, denied.

**IT IS SO ORDERED.**

S/ Cameron McGowan Currie<br>
CAMERON MCGOWAN CURRIE<br>
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
March 21, 2013